UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT J. MAURIELLO, | Civ. No. 2:13-01676 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| SEARS ROEBUCK AND CO., | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Albert J. Mauriello brings this action against his former employer, Sears Holding Co. (improperly plead as Sears Roebuck and Co.) ("Sears" or "Defendant"), alleging age discrimination and hostile work environment. This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I. BACKGROUND

Mauriello worked as a mechanic in Sears's auto centers for 34 years. (Compl. p. 1, ECF No. 1.) Mauriello alleges that, during the last few years of employment, he was continually harassed for being old, given fewer and less lucrative jobs, and singled out for disciplinary action, until he was eventually discharged in July 2011.

Plaintiff began his employment with Sears at its Livingston auto center, where he worked from May 20, 1977, until sometime in 1988. (Compl. p. 2.) He then transferred to Sears's Watchung auto center, which was closer to his home. (Compl. p. 2.) At this point, the alleged pattern of discrimination began. Mauriello moved to the Watchung auto center to do suspension work, but found that not much of that work was available. (Compl. p. 2.) Additionally, when suspension work did come in it was often given to other employees. (Compl. p. 2.) Furthermore, even though the Watchung center had a lot of brake and alignment work, the other employees would not share those jobs with Mauriello. (Compl. p. 2.) Mauriello alleges although another employee also did not have enough work, he was the only one that the district manager disciplined for it. (Compl. p. 2.) The district manager also began threatening to transfer Mauriello to the South

Plainfield auto center. (Compl. p. 2.) Eventually, Mauriello and another older man were transferred to South Plainfield. (Compl. p. 2-3.)

The alleged discrimination continued in South Plainfield. (Compl. p. 3.) Mauriello continued to receive few lucrative jobs to perform. (Compl. p. 2.) Mauriello also alleges that he was frequently harassed by his managers and co-workers. (Compl. p. 3.) His co-workers called him "old man," and, while he was out of work to have surgery for carpal tunnel syndrome, someone broke into his toolbox and stole his tools. (Compl. p. 3.) At least once, he was forced to do extra work without pay. (Compl. p. 3.) Eventually the lease expired on the South Plainfield auto center, and Plaintiff found out that the shop would be closed. (Compl. p. 3.) Mauriello asked the district manager if he could transfer to the New Brunswick auto center, because he had heard from the manager of that center that there was an opening. In response, the district manager told Mauriello that "he didn't want him there" and that "he was like a cancer." (Compl. p.3.) Mauriello was then transferred to the Union auto center.

Mauriello's problems continued in Union. (Compl. p. 3.) Mauriello alleges that he was repeatedly threatened and harassed by an assistant manager. (Compl. p. 5-9.) He was also singled out to do "comebacks," for which he did not get paid. (Compl. p. 6.) He eventually contacted Defendant's ethics hotline to request a transfer. (Compl. p. 8.) However, even though there were openings at both his old center in Livingston and in Woodbridge, his request was ignored. (Compl. p. 8.) When he went to Livingston to discuss a transfer with the new manager, he was told that they had hired someone else. (Compl. p. 8.) When he went to Woodbridge to talk to the manager about transferring there, the manager yelled at him. (Compl. p. 8-9.) The district manager eventually told Mauriello that he could not transfer to Woodbridge because business was slow. (Compl. p. 8-9.)

All of this culminated in a final incident, which is discussed in a New Jersey Appeal Tribunal decision that Mauriello attached to his Complaint:[1]

> The day of the final incident, one of the other employees was working on three different automobiles simultaneously. When another automobile came in for repair, [Mauriello] hoped to work on it. The employee who had all of the other jobs claimed this one for himself as well. [Mauriello], in frustration, tossed a can of spray paint into a corner, and it hit the hood of the closest automobile in the shop. The hood was damaged. The claimant did not intend to hit the automobile hood. [Mauriello] was not discharged on that day. Several weeks later, on [July

---

[1] When his unemployment benefits were denied on the grounds that he was discharged for misconduct, he appealed that decision to the Appeal Tribunal. (Compl. Ex. A, ECF No. 1.1.) The Appeal Tribunal found that "[t]ossing the can of spray paint and hitting the vehicle was an unfortunate accident" that could not "be construed as willful and deliberate disregard of the employer's policy." (Compl. Ex. A, at p. 2.) The Appeal Tribunal thus held that Mauriello was not discharged for misconduct and was eligible for unemployment benefits. (Compl. Ex. A, at p. 3.)
.

2

14, 2011], the district manager terminated the employee because of violating rules and policy.

(Compl. Ex. A, at p. 1.) [2]

After Mauriello was fired, he called the Sears ethics hotline again and was told that nothing could be done. (Compl. p. 9.) Mauriello then filed a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") alleging employment discrimination under the Age Discrimination in Employment Act (the "ADEA"). (Anders Cert. Ex. B, ECF No. 11-2.) The EEOC denied his claim and provided him with a Right to Sue notice on December 18, 2012. (Anders Cert. Ex. C.) Mauriello filed the instant action on March 18, 2012.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads

---

[2] If, on a motion to dismiss pursuant to Rule 12(b)(6), the Court considers matters outside the pleading, then the motion must be treated as one for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(b)(6); *see also Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 475 n.21 (D.N.J. 1998) ("unless a Court converts a Rule 12(b)(6) motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 56, the court cannot consider material outside the pleadings (i.e. facts presented in briefs, affidavits or exhibits"). However, an exception to this general rule of conversion exists where the materials considered at the dismissal stage are either public records deemed to be indisputably authentic or materials directly relied upon in the plaintiff's complaint. *Greer v. Smith*, 59 Fed. App'x 491, 492 n.1 (3d Cir. 2003) (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Therefore, the Court will consider materials directly relied on in Mauriello's Complaint, pleadings and other public records that the Court deems to be indisputably authentic.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

Plaintiff's Complaint asserts two causes of action, which the Court will construe as two Counts:

(1) Count One: Age discrimination under the ADEA; and
(2) Count Two: Hostile work environment.

Defendant has moved to dismiss both Counts. The Court will address each Count in turn.

#### A. Count One: Age discrimination under the ADEA

In Count One, Mauriello asserts a claim for age discrimination under the ADEA. Sears moves to dismiss this claim, arguing that Mauriello has not alleged facts showing that he was replaced by a younger employee. The Court will grant the motion to dismiss Count One.

Under the ADEA, it is unlawful "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 621(a)(1). The statute is intended to "prohibit age discrimination in employment" and "promote employment of older persons based on their ability rather than age." 29 U.S.C. § 621(b). "To state a claim for age discrimination under the ADEA, a plaintiff must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455 F.3d 225, 248 (3d Cir. 2006) (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

Mauriello's Complaint does not state his age. Also, the Complaint does not include factual allegations showing that he was replaced by someone younger. Finally, Mauriello's Complaint is not clear with respect to whether he is actually contesting his discharge.[3] (Compl. Ex. A, at p. 1.) Accordingly, the motion to dismiss Count One is **GRANTED**, and Count One is **DISMISSED WITHOUT PREJUDICE**.

#### B. Count Two: Hostile work environment

In Count Two, Mauriello asserts a claim for hostile work environment under the ADEA and the New Jersey Law Against Discrimination (the "LAD"). Sears moves to

---
[3] At one point, the Complaint states "I don't care about getting fired." (Compl. Ex. A, at p. 1.)

dismiss his claim, arguing that Mauriello has not alleged facts showing severe and pervasive discrimination or showing that Sears had knowledge of the alleged harassment. The Court will grant the motion to dismiss Count Two.

To establish a hostile work environment claim under either the ADEA or the LAD, a plaintiff must show that: (1) he suffered intentional discrimination because of his [age]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for holding his employer liable. *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001); *see Slater v. Susquehanna Cnty.*, 465 F. App'x 132, 138 (3d Cir. 2012) (assuming, without deciding, that the ADEA makes available a hostile work environment claim for age-based discrimination, analyzed under the same standards as a Title VII hostile work environment claim); *Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 941 (3d Cir. 2009) ("New Jersey courts treat hostile work environment claims under the LAD the same as the Supreme Court treats hostile work environment actions under Title VII."). "The first four elements establish a hostile work environment, and the fifth element determines employer liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citing *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir.2009)).

The plaintiff can establish the fifth element, employer liability, by including facts showing that he was harassed by a supervisor. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). Alternatively, if the harasser was a co-worker, the plaintiff must show that "the employer failed to provide a reasonable avenue for complaint" or that "the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action." *Huston*, 568 F.3d at 104.

Mauriello has failed to state a claim for hostile work environment based on age.[4] First, Mauriello has not pled facts showing pervasive and regular discrimination based on age. The allegation that "they always made fun of me, calling me old man" is not enough to sustain a hostile work environment claim. The Complaint does not specify who called Mauriello an "old man" or provide specific examples of instances where the alleged harassment occurred. Second, Mauriello has not included factual allegations showing that Sears knew or should have known about the alleged discrimination. Although his Complaint states that he called the Sears ethics hotline, it does not include facts showing that he told the Sears representative about the alleged age discrimination. Nor does it include allegations that his supervisors made harassing comments about his age. Accordingly, the motion to dismiss Count Two is **GRANTED**, and Count Two is **DISMISSED WITHOUT PREJUDICE**.

---

[4] The court does not hold that a hostile work environment claim is cognizable under the ADEA. Instead, the Court simply holds that, assuming such a claim is cognizable, Mauriello has failed to allege that he suffered a hostile work environment on account of his age.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Counts One and Two are **DISMISSED WITHOUT PREJUDICE**. The Court shall grant Mauriello thirty days to file an Amended Complaint consistent with this Opinion. An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 8, 2014**